Reese, J.
delivered the opinion of the court.
This is an action of trespass with force and arms, brought by the defendant in error against the plaintiffs in the circuit court of the county of Jefferson, for an alledged battery, wounding and false imprisonment of his person. The writ of summons ad res-pondendum, as to three of the defendants in the court below, namely, John M. Coffin, James Deaderick and George Crosby, was directed to the sheriff of Jefferson county, and of this writ, a counterpart, as to the balance of the defendants, was directed to 'the sheriff of the adjoining county of Grainger.
The three defendants above named, of the county of Jefferson, upon the return of the process, pleaded not guilty; and the other defendants filed a plea in abatement, alleging that they were resident in and citizens of the county of Grainger at and before the issuance of the writ; that the alleged cause of action took place, if at all, in that county, and tftat Coffin, Deaderick and Crosby were citizens of the county of Jefferson and resident therein, and were not guilty of nor had any participation in the alleged cause of action, but that the writ against them was issued falsely and fraudulently in order to draw the alleged cause of action within the jurisdiction of the circuit court for Jefferson county, and to cause the said defendants, citizens of Grainger county, to be there impleaded. To this plea the plaintiff below demurred, and the demurrer was sustained by the court, and thereupon the said defendants pleaded not"guilty, and the statute of limitations, and a verdict was found in favor of the plaintiff below against a part of the defendants, citizens of the county of Grainger, but in favor of Coffin, Deader-ick and Crosby, residents in the county of Jefferson. Reasons in arrest of judgment were filed by the defendants against whom the verdict had been rendered, which were overruled by the courtand judgment given upon the verdict, to reverse which, this appeal in error has been prosecuted.
The 3d section of the act of 1820, ch. 25, enacts that, .“in all cases where a suit may be required to be brought againts two or more defendants, in any one of the courts of this State, who reside in different counties, it shall be lawful for the clerk of such court, and he is hereby required to issue a writ directed to his county in which one of said defendants may reside and, on application to issue a counterpart or counterparts of such writ to the sheriff of such coun- *407 lies where the other defendants may reside, which when executed and returned shall constitute a part of the original writ or leading process of such suit in the court to which the same may be return* able; provided, nothing in this section contained shall be so construed as to authorise suits to be brought in a county where neither of said defendants do in fact reside, nor so construed as to au-thorise suits which are local in their nature to be brought in a different county than that which is now required by law, but the same may be abated upon the plea of the defendant.”
The case made out in the plea under consideration is not inclu-ped within the terms of the above proviso, for although the plea alleges that the acts or wrongs constituting the cause of action were committed, if at all, in the county of Grainger, yet the cause of action is not local in its nature, but transitory; and the suit in the case before us was not brought in a county where none of the defendants did in fact reside, for the plea on the contrary, expressly avers, that Coffin, Deaderick and Crosby, against whom the original writ or leading process was issued, did in fact reside in the county of Jefferson. The statute did not intend that jurisdiction should be drawn to a county, where the defendant, upon whom the leading process or original writ was executed, might have been casually found, but did not in fact reside. But here, according to the statement of the plea itself, the fact of residence was as it should have been. There are but two grounds for a plea in abatement mentioned in the provisions of the statute; and it might well be urged, perhaps, that the maxim of inclusio unius est exclusio altering applies to the case before us. It is worthy of remark that the cases put in the statute present grounds for the abatement of the entire suit, and furnish matter for a plea in which all the defendants could join. But in the case before us, Coffin, Deaderick and Crosby did not, and would not join in the plea, for the matter of t plea as to them would have been in bar, and would have constituted for them indeed nothing more than the plea of not guilty. They, therefore, pleaded that plea in bar. If issue had been taken upon the plea of abatement, it might easily have happened, that after much delay and expense the issue in abatement might have been found for the defendants and the issue in bar for the plaintiffs, an untoward aspect of the case. It is urged that if this plea be held not to be good, much abuse may take place under the provision which allows of the issuance of counterparts. This may be so; *408 yet in general it is to be presumed that a liability to pay the costs of parties improperly made defendants, will sufficiently restrain the tendency to practice the abuse suggested; while, on the other hand, to allow such plea would lead to much delay, expense and difficulty, and obviate in the result all the benefits intended kby the statute. But be the balance of inconvenience between the reception and rejection of such a plea as it may, it ought not to exert a controlling influence over the cause. If the grounds of abatement in cases of counterpart writs shall prove to be multiplied, legislative action on the subject will no doubt be invoked successfully.
This is shown by the act of 1827, ch. 75, sec. 2, which provides, that “if any joint action shall hereafter be brought on any bill single, bill of exchange, promissory note, or other negotiable instrument, service of the counterpart of the writ on the drawer thereof shall not be a good and sufficient cause to hold such drawer, maker or obligor to answer such action, unless the original writ shall have been executed on some one of the drawers, when there shall be more than one.”
This was probably intended to correct an abuse which had grown up of nominal endorsement of negotiable paper, with a view to confer jurisdiction upon the court of the county in which such nominal endorser resided as against the real parties to the paper instrument. But this legislative provision would have been altogether unnecessary to correct the abuse in question, if the plea before us be good, for, then, the matter before the statute might have been pleaded in abatement. Much has been said as to the form of the plea in this case; which, of course, we have not considered, as we deemed the plea not good in substance. As in the judgment on the plea in abatement we find no error, a fortiori, it cannot be found in the action of the court upen the reasons in arrest of judgment. For the jurisdiction of the court, under the statute, cannot be made to depend upon the successful prosecution of the suit against the parties upon whom the original process was served. The judgment of the circuit court is therefore affirmed.